1

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

25 OCT 27 PM 1:41

Corey Slater, Plaintiff,

v.

Public Storage, Inc., a California Real Estate Investment Trust;

PS Colorado LLC, a Colorado limited liability company;

David Buck, District Manager Public Storage, 2190 S Federal Blvd. Denver, CO 80219, in his official capacity;

Dolly [Last Name Unknown], Property Manager 2190 S Federal Blvd. Denver, CO 80219, in her official capacity;

John Doe, employee of Public Storage whose identity is currently unknown.

Defendants.

Case No.: _____

**COMPLAINT AND JURY DEMAND**

**I. INTRODUCTION**

1. This is a civil action arising from Defendants' systemic violations of federal and state law, including: the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq.; the Colorado Self-Service Storage Lien Act, C.R.S. § 38-21.5-101 et seq.; the Colorado Consumer Protection Act (CCPA), C.R.S. § 6-1-105 et seq.; Civil Theft under C.R.S. § 18-4-405; breach of contract;

negligence; intentional infliction of emotional distress; and punitive damages under C.R.S. § 13-21-102.

2. Plaintiff is a disabled individual with a medically documented spinal infarct resulting in limited mobility, chronic hypotension, and neurological impairment. Defendants were fully aware of Plaintiff's disability yet repeatedly denied reasonable accommodation, reassigned him to difficult to access storage units, and ultimately locked him out of his property in violation of statutory requirements.

3. On September 18, 2025, Plaintiff came to his unit where the Defendant(s) left a notice to vacate. Under Colorado law, the date of notice is excluded from the statutory 30-day lien calculation, making September 19, 2025, Day 1 and October 18, 2025, Day 30. Defendants locked Plaintiff out on October 17, 2025—one day prematurely—in violation of C.R.S. § 38-21.5-103(1). Any enforcement action prior to the 30th day is void under C.R.S. § 38-21.5-104.

4. Plaintiff never received proper notice by phone, email, mail, or other statutorily compliant means. Only the letter on the door October 18th. Simultaneously, Defendants disabled Plaintiff's online account, preventing payment or dispute resolution.

5. Public Storage is widely known for obstructing customer access to live representatives, forcing tenants into default or lien status rather than resolving issues in good faith. Defendants' conduct here was willful, malicious, and part of an established corporate practice.

6. As a result of all the Defendant's actions, Plaintiff suffered physical harm, emotional trauma, financial loss, deprivation of federally protected rights, and wrongful seizure of property. Plaintiff seeks injunctive relief, compensatory damages, treble damages, punitive damages, statutory damages, declaratory relief, costs of litigation, and all other relief deemed just and proper.

## II. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy as the federal claims.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in the District of Colorado, and the property at issue is located here.

10. This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202 and 42 U.S.C. § 12188.

## III. PARTIES

11. Plaintiff, Corey Slater, is an individual and resident of Denver, Colorado. Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. § 12102.

12. Defendant Public Storage, Inc. is a California real estate investment trust headquartered in Glendale, California, conducting business in Colorado and owning or operating self-storage facilities in this District.

13. Defendant PS Colorado LLC is a Colorado limited liability company associated with Public Storage that owns, operates, or manages the facility at 2190 S Federal Boulevard, Denver, Colorado 80219.

14. Defendant David Buck is the District Manager for Public Storage in the Denver region, responsible for operational decisions, lien enforcement, and disability accommodation policies. He is sued in his official and individual capacity.

15. Defendant Dolly [Last Name Unknown] is the on-site Property Manager of the facility and participated in enforcement actions against Plaintiff. She is sued in her official and individual capacity.

16. Defendant John Doe is an employee of Public Storage whose identity is currently unknown and who participated in the wrongful lockout and discrimination. Plaintiff reserves the right to amend to substitute the true name when discovered.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Disability and Need for Accommodation

17. Plaintiff suffers from a spinal infarct resulting in mobility impairments and chronic hypotension. During hypotensive and neurologic episodes, Plaintiff must lie flat for two to four hours to prevent collapse or medical emergency.

18. Plaintiff disclosed his disability to Defendants at the time of rental and specifically reserved ground-floor accessible units to accommodate his condition.

19. Despite this, Defendants reassigned Plaintiff to upper-level units requiring use of an elevator, which was often inoperable or unreliable, creating a direct barrier to access. Upon the second lease, Plaintiff called and was given notice that the unit was in fact a bottom level unit.

### B. Defendants' Knowledge and Failure to Accommodate

20. Defendants were aware of Plaintiff's condition and limitations but refused to provide any accommodation.

21. Plaintiff experienced medical episodes on site, including on or about September 11, 2025, when he was forced to lie down due to hypotension and neurological issues. Defendants misconstrued this as sleeping and used it as grounds for a vacate notice. ANY video evidence will show the Plaintiff was not sleeping due to the movements.

5

## C. Improper Notice and Premature Lockout

22. On September 18, 2025, Plaintiff received a Notice to Vacate. Plaintiff received no phone, email or mailed notice compliant with C.R.S. § 38-21.5-103. The only notice was the letter on the door. Due to the Plaintiff not requiring access to the unit daily, the note did not serve its purpose and was found on the 18th. The Plaintiff WAS able to access the unit to grab some things on the 17th of October, but came back later that day to find the door locked by Public Storage.

23. By statute, the date of notice is excluded from the 30-day period; thus Day 1 was September 19, 2025, and Day 30 was October 18, 2025.

24. Defendants nonetheless locked Plaintiff out on October 17, 2025, one day prematurely, in violation of C.R.S. § 38-21.5-103(1).

25. Any enforcement taken before the statutory period elapsed is void under C.R.S. § 38-21.5-104.

## D. Systemic Obstruction and Bad Faith

26. Public Storage systematically prevents customers from speaking to human representatives. Calls are routed to automated systems, the online portal was disabled for Plaintiff, and in-person staff refused to assist, creating deliberate obstruction.

27. Defendants prevented Plaintiff from making payment, accessing remedies, or retrieving property, while concurrently asserting default.

## E. Harm Caused to Plaintiff

28. As a direct result of the lockout, Plaintiff was denied access to essential property including medical equipment, clothing, legal documents, collectibles of value, computers, certain religious items, his deceased wife's coffin flag, and personal items necessary for daily living.

29. Plaintiff experienced severe anxiety, physical deterioration, neurological stress, and worsened disability symptoms due to Defendants' conduct.

30. Plaintiff made multiple attempts to contact Defendants through phone, online systems, and in-person visits. All attempts were blocked, ignored, or redirected to automated systems with no human resolution.

31. Defendants acted willfully, maliciously, and with reckless disregard for Plaintiff's legal rights and disability accommodations.

## V. CLAIMS FOR RELIEF

## COUNT 1 – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12181 et seq.

32. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

33. Defendants denied Plaintiff the full and equal enjoyment of services and failed to provide reasonable modifications as required by 42 U.S.C. § 12182(b)(2)(A)(ii).

34. Defendants' policies and practices resulted in discrimination on the basis of disability in violation of the ADA.

35. Plaintiff seeks injunctive relief requiring ADA-compliant policies and restoration of access, along with declaratory relief and all other relief allowed by law.

## COUNT 2 – BREACH OF CONTRACT

36. Plaintiff entered into a valid rental agreement with Defendants, which guaranteed lawful access and compliance with Colorado law.

37. Defendants breached by restricting access without lawful notice, disabling payment systems, and violating statutory requirements.

38. As a direct result, Plaintiff suffered damages including financial harm and loss of property use.

## COUNT 3 – NEGLIGENCE

39. Defendants owed Plaintiff a duty to maintain a reasonably safe, accessible facility; to provide lawful notice; and to accommodate known disabilities. Plaintiff was trapped in the building on Thanksgiving, November 28, 2024 as the elevator broke, not allowing safe access to exit the building. Plaintiff received injuries from having to use the stairs.

40. Defendants breached these duties by denying access, failing to accommodate, and prematurely enforcing a lien.

41. Defendants' negligence proximately caused Plaintiff physical, economic, and emotional injury.

## COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Defendants engaged in extreme and outrageous conduct by targeting a disabled individual for eviction based on a medical emergency and seizing essential property.

43. Defendants acted intentionally or with reckless disregard of the probability of causing severe emotional distress, which Plaintiff suffered.

## COUNT 5 – VIOLATION OF COLORADO SELF-SERVICE STORAGE LIEN ACT (C.R.S. § 38-21.5-101 et seq.)

44. C.R.S. § 38-21.5-103(1) prohibits denial of access or lien enforcement until thirty (30) days after compliant notice is sent. No compliance notice was sent.

45. Defendants failed to provide compliant notice and locked Plaintiff out on October 17, 2025, one day before the statutory period ended.

46. Under C.R.S. § 38-21.5-104, Defendants' enforcement actions were void and constitute unlawful deprivation of property.

## COUNT 6 – VIOLATION OF COLORADO CONSUMER PROTECTION ACT (C.R.S. § 6-1-105 et seq.)

47. Defendants engaged in deceptive and unfair trade practices by misrepresenting accessibility, disabling Plaintiff's account to prevent payment, initiating lien actions without lawful notice, and obstructing communication.

48. These practices were knowing, willful, and part of a standardized business model that impacts the public at large.

49. Plaintiff suffered actual damages and is entitled to treble damages and other remedies pursuant to C.R.S. § 6-1-113.

## COUNT 7 – CIVIL THEFT (C.R.S. § 18-4-405)

50. Defendants knowingly exercised unauthorized control over Plaintiff's property by locking him out before the lien period expired, without lawful justification.

51. Plaintiff is entitled to return of property, treble damages, and costs as provided by C.R.S. § 18-4-405.

## COUNT 8 – PUNITIVE DAMAGES (C.R.S. § 13-21-102)

52. Defendants' conduct was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights, warranting punitive damages under C.R.S. § 13-21-102.

## COUNT 9 – INJUNCTIVE AND DECLARATORY RELIEF

53. Monetary damages alone cannot remedy the ongoing harm. Plaintiff seeks an injunction requiring immediate restoration of access; prohibiting sale, disposal, or interference with property; ADA compliance; and correction of deceptive practices.

54. Plaintiff seeks a declaration that Defendants' conduct violated federal and state law.

## VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief:**

55. Immediate temporary, preliminary, and permanent injunctive relief prohibiting Defendants from selling, disposing of, transferring, damaging, or otherwise interfering with Plaintiff's property and ordering immediate restoration of access and account functionality.

56. Declaratory relief that Defendants violated the ADA, the Colorado Self-Service Storage Lien Act, the Colorado Consumer Protection Act, the Civil Theft statute, and Plaintiff's contractual rights.

57. Compensatory damages for loss of access and use, out-of-pocket costs, wrongfully incurred fees, and disruption to Plaintiff's life.

58. Damages for emotional distress, humiliation, physical suffering, and medical harm caused by Defendants' misconduct.

59. Treble damages under C.R.S. § 6-1-113 (CCPA).

60. Treble damages under C.R.S. § 18-4-405 (Civil Theft).

61. Statutory remedies under C.R.S. § 38-21.5-104 for unlawful lien enforcement.

62. Punitive damages under C.R.S. § 13-21-102 for willful and wanton misconduct.

63. Pre- and post-judgment interest as allowed by law, and costs of litigation and any fees permitted by statute.

64. Referral of Defendants' conduct to the Colorado Attorney General and the United States Department of Justice for investigation of systemic ADA violations and deceptive trade practices.

65. Such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

66. Plaintiff demands a trial by jury on all issues so triable as of right.

## VIII. RESERVATION OF RIGHTS

67. Plaintiff expressly reserves the right to amend this Complaint to add additional claims,

statutes, facts, or parties as they become known through discovery, including substitution of John

Doe's true identity and Property Manager Dolly's last name.

## IX. CERTIFICATE OF SERVICE

68. I hereby certify that a true and correct copy of the foregoing Complaint will be served via

Certified Mail or U.S. Marshalls:

Public Storage, Inc.

Attn: Legal Department

701 Western Avenue

Glendale, CA 91201

PS Colorado LLC

c/o CT Corporation System (Registered Agent)

7700 E Arapahoe Rd, Suite 220

Centennial, CO 80112

David Buck, District Manager

Public Storage

2190 S Federal Blvd

Denver, CO 80219

Dolly [Last Name Unknown], Property Manager

Public Storage

2190 S Federal Blvd

Denver, CO 80219

John Doe (Employee of Public Storage, Name Unknown)

Public Storage

2190 S Federal Blvd

Denver, CO 80219

Dated: _10_/_27_/_7_____, 2025

**Respectfully submitted,**

_Corey Slater_

**Corey Slater**

P.O. Box 19995

Denver, CO 80219

Phone: 720-584-6368

Email: 613golem@gmail.com

Plaintiff, Pro Se